**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Stephen R.F. Kern, Jr., | Case No. 2:21-cv-00467-KJD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Calvin Johnson, | |
| Defendant. | |

Before the Court is pro se Plaintiff Stephen Kern's motion for appointment of counsel (ECF No. 22) filed on June 1, 2022. Defendant did not file an opposition.

**I.  Background**

Mr. Kern's First Amended Complaint alleges violations of the Eighth Amendment. ECF No. 9. Specifically, he alleges that on July 1, 2020, Defendant—Warden Johnson— authorized the use of a chemical agent to assist in extracting an inmate in a cell close to Kern's. Kern explains he should have been removed from his cell prior to the use of this chemical agent. He claims the chemical agent seeped through a hole in the wall filling his cell. This chemical caused injuries to his nose and throat, blurred vision, and burning skin. He also lost his eyelashes. The only treatment he received was a shower (four hours later) and a skin ointment from the pill-call nurse but never received an eye wash, respiratory exam, or other medical attention.

Kern now requests a court-appointed attorney to help with his case in several regards. He explains he is in administrative segregation, which means he is locked in his cell 23-hours a day. In addition, he claims he does not have access to the law library. He explains there are several witnesses (about 15) he needs to locate and interview, and that there is discovery he needs to obtain (i.e., video footage, medical reports, etc.). Lastly, he explains he is currently not getting all the documents that are being filed in court.

## II. Discussion

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, however, federal courts may request that an attorney represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits. and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g.*, *McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

### A. Whether Mr. Kern's claims have a likelihood of success on the merits

Here, Mr. Kern's claims have a likelihood of success on the merits.

Mr. Kern's complaint survived the screening process. ECF No. 10. In the screening order, Judge Dawson found that he had "adequately pled" deliberate indifference and conditions of confinement claims against Warden Johnson. The Ninth Circuit "has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018) (citing *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016)).

Accordingly, Mr. Kern has presented plausible Eighth Amendment claims.

### B. Whether Mr. Kern has an ability to articulate his claim pro se "in light of the complexity of the legal issues involved"

In an unpublished decision, the Ninth Circuit held that a plaintiff should be appointed counsel for a deliberate indifference claim stemming from allegations that prison supervisors and physicians failed to properly treat the plaintiff's "'chronic and substantial pain' resulting from spine degeneration[.]" *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016). The Ninth Circuit reasoned that the plaintiff's "claim will turn on complex medical questions of competing treatment regimens and causation, and likely require the testimony of expert witnesses." *Id*. In another unpublished decision, the Ninth Circuit ordered appointment of counsel in a case also involving a deliberate indifference claim, holding that the claim involved "complex" medical issues relating to the defendants' alleged failure to treat plaintiff's tuberculosis. *Tai Huynh v. Callison*, 700 F. App'x 637, 638 (9th Cir. 2017). The *Tai Huynh* court reasoned that "the record demonstrates that [plaintiff] has little ability to articulate his claims without the benefit of counsel to properly challenge Defendants' expert." *Id*. (citation omitted).

Furthermore, other district courts have also found that such deliberate indifference claims are complex. See, e.g., *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018) ("Appointment of counsel is also appropriate because deliberate indifference claims involve an interplay of factual and legal issues that is inherently complex."); *Cataldo v. Madox*, No. 16-CV-2747-JAH-WVG, 2017 WL 2733924, at *2 (S.D. Cal. June 26, 2017) ("Plaintiff's claims of deliberate indifference to medical needs and failure to protect based on medical status will turn on standards of care, causation, and medical treatment issues that may require the testimony of expert witnesses, necessitating expert discovery, a task that is undoubtedly complex."); *cf. Hernandez v. Aranas*, No. 218CV00102JADBNW, 2020 WL 569347, at *6 (D. Nev. Feb. 4, 2020) (holding that the plaintiff's deliberate indifference claim to eye treatment is "relatively straightforward" and "despite [the plaintiff's] medical issues and

language barrier, [the plaintiff] has sufficiently demonstrated his ability to articulate his position").

Here, Kern will likely need an expert to interpret his medical records and provide opinions regarding the effect of this chemical on him. While many pro se litigants would face difficulties in interpreting medical records, the ability to do so is critical in Kern's case. This is so based on the nature of Kern's deliberate indifference claim.

Additionally, Kern represents he is unable to gather or research the information he needs to litigate his case for reasons that have already been mentioned. Accordingly, these circumstances warrant the appointment of pro bono counsel in this case.

### III.  Conclusion and Order

Because the Court will exercise its discretion to appoint counsel and grant Kern's motion for appointment of counsel, it will refer this case to the Court's Pro Bono Pilot Program to attempt to find an attorney to accept Plaintiff's case. Kern should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C.§ 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, Kern is reminded that unless and until counsel is appointed, he is still responsible for complying with all deadlines in his case. If counsel is found, an order appointing counsel will be issued by the Court and Kern will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 22) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pilot Pro Bono Program adopted in General Order 2019-07 to identify an attorney willing to be appointed as a pro bono attorney for Plaintiff. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this Order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that the hearing set for July 26, 2022 is VACATED.

DATED: July 11, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE