UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Stephen R. F. Kern, Jr.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Calvin Johnson,<br><br>　　　　　　　　Defendant. | Case No. 2:21-cv-00467-KJD-BNW<br><br>ORDER |

Presently before the Court is Plaintiff's Motion for Default Judgment. (#24). Defendant has not filed an opposition.

I.   Factual and Procedural Background

Plaintiff, Stephen R. F. Kern, Jr. ("Kern"), who is incarcerated and in custody of the Nevada Department of Corrections ("NDOC"), filed his first amended civil rights complaint against Defendant Calvin Johnson ("Johnson"), the warden of the prison in which he is incarcerated. After a mandatory screening process, Kern's claims of deliberate indifference to a serious medical need and conditions of confinement were ordered to proceed. (#10, at 7-8). Defendant Calvin Johnson ("Johnson") filed an answer to the First Amended Complaint. (#17).

Kern filed his motion for default judgment asking the Court to enter an order of default against Johnson for failure "to comply with court orders and provide a response due" on May 26, 2022. (#24, at 1).

II.   Analysis

a.   **Legal Standard**

The Federal Rules of Civil Procedure ("Rule") permit default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). There are two steps

involved in obtaining a default judgment:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

J & J Sports Productions, Inc. v. Chikiss Botanas N' Beer, LLC, No. 2:18-cv-745-JCM-VCF, 2020 WL 2559941, at *1 (D. Nev. May 20, 2020) (citing UMG Recordings, Inc. v. Stewart, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)).

### b. Kern's Motion for Default

Kern's motion is mostly a substantive argument pleading the merits of his case, and contains very little argument about why he is entitled to a default judgment. As far as the Court can make out, Kern asserts that Johnson has not responded to Kern's motion for discovery, which warrants a default judgment. (#24, at 1).

Kern's discovery motion was filed on May 12, 2022. (#19). This motion requests several forms of discovery. Id. On May 24, 2022, Judge Weksler denied that motion for discovery, holding that "[t]o obtain such discovery, Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules by serving discovery requests on Defendant or subpoenaing third parties." (#20). "Plaintiff may not, however, file his requests for discovery on the docket as a way to obtain the discovery he seeks." Id.

On June 1, 2022, after Judge Weksler's order, Kern filed a "declaration entry for motion for default on defendant for failure to respond" to Kern's motion for discovery. (#21). On June 14, 2022, Kern filed the present motion for default. (#24).

On June 16, 2022, Judge Weksler again denied Kern's motion, holding that if Kern seeks discovery, "he must serve discovery requests on Defendant or subpoena information from third parties." (#26).

The Court respectfully reminds Kern to comply with Judge Weksler's order, and serve Johnson the discovery requests directly or subpoena the other sources, rather than filing the requests with the Court. If Kern follows appropriate rules and procedures and Johnson still does

not comply with appropriate discovery requests, Kern can file a motion to compel in accordance with the Rules.

III.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (#24) is **DENIED.**

Dated this 31st day of January 2023.

Kent J. Dawson
United States District Judge